IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TERRENCE EDWARD HAMMOCK,

   Plaintiff,

   v().

CHIEF JUDGE MARY ELLEN BARBERA,
JUDGE ROBERT CAHILL, JR.,
JUDGE KATHLEEN COX,
STATE ATTORNEY
   SCOTT D. SHELLENBERGER,
STATE ATTORNEY MICHAEL FULLER,
DIRECTOR GAIL WATTS,

   Defendants.

Civil Action No.:  SAG-21-1753

**MEMORANDUM OPINION**

The above-entitled civil rights complaint was received by the court on July 14, 2021, along with plaintiff's motion to proceed in forma pauperis which the court now grants.

Plaintiff is incarcerated in the Baltimore County Detention Center where he is awaiting trial in the Baltimore County Circuit Court. This complaint for monetary damages and release from custody concerns plaintiff's assertion that he has been held in custody too long without a merits trial in violation of Maryland State law. He complains that the named judges do not answer his inquiries about postponements and will not allow him to fully explain motions he makes in court concerning the delays in providing him with a trial date. ECF 1 at 2-6.

This Court is obliged by 28 U.S.C. § 1915A to screen prisoner complaints and dismiss any complaint that is "frivolous, malicious or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). In deciding whether a complaint is frivolous, "[t]he district court need not look beyond the complaint's allegations . . . . It must, however, hold the pro se complaint to less stringent standards

than pleadings drafted by attorneys and must read the complaint liberally." *See White v. White,* 886 F.2d 721, 722-23 (4th Cir. 1989).

The claims against the three judges named as defendants are barred by judicial immunity. The doctrine of judicial immunity shields judges from monetary claims against them in both their official and individual capacities. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam). Judicial immunity is an absolute immunity; it does not merely protect a defendant from assessment of damages, but also protects a judge from damages suits entirely. *Id*. at 11. An act is still judicial, and immunity applies, even if the judge commits "'grave procedural errors.'" *Id*. (quoting *Stump v. Sparkman,* 435 U.S. 349, 359 (1978)). Moreover, "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump,* 435 U.S. at 355-56; *see Dean v. Shirer*, 547 F.2d 227, 231 (4th Cir. 1976) (stating that a judge may not be attacked for exercising judicial authority even if done improperly). The complaint as to defendants Barbera, Cahill, and Cox must be dismissed.

The only mention of State's Attorney Michael Fuller in the complaint is that Fuller requested a postponement of the trial because his wife is in the hospital and Judge Cahill found good cause to grant the postponement. ECF 1 at 4. Maryland's States Attorneys are quasi-judicial officers who enjoy absolute immunity when performing prosecutorial functions, as opposed to investigative or administrative ones. *See Imbler v. Pachtman*, 424 U.S. 409, 422-23 (1976); *see also Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Nero v. Mosby*, 890 F.3d 106, 118 (4th Cir. 2018); *Springmen v. Williams*, 122 F.3d 211 (4th Cir. 1997). Absolute immunity is designed to protect judicial process. Thus, the inquiry is whether a prosecutor's actions are closely associated with judicial process. *See Burns v. Reed*, 500

U.S. 478, 479 (1991) (citing *Imbler*, 424 U.S. at 422-23).  Fuller's filing of a motion in the context of preparing for trial is conduct for which he enjoys absolute immunity.  The claim against Fuller is dismissed.

There are no allegations against either of the remaining two defendants.  A complaint must provide enough detail to illuminate the nature of the claim and to allow defendants to respond.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Although district courts have a duty to construe self-represented pleadings liberally, plaintiff must nevertheless allege facts that state a cause of action.  *See Beaudett v. Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (duty to construe liberally does not require courts to conjure up questions never squarely presented).  Because this complaint contains no allegations of wrongdoing on the part of defendants Shellenberger and Watts, it does not provide notice of the nature of the claims against.

Although self-represented plaintiffs are often provided an opportunity to amend a complaint if an amendment would correct a pleading defect, plaintiff will not be provided such an opportunity in this case.  This is due to the fact that plaintiff has yet to stand trial and the procedural matters concerned in this case have not been adjudicated in State court, nor has his guilt or innocence been determined.  Ordinarily a complaint asserting constitutional violations in connection with an arrest and detention might be stayed pending resolution of the underlying criminal case, *see Wallace v. Kato*, 549 U.S. 384, 393-94 (2007); however, the instant complaint concerns a violation of Maryland State law, *i.e.*, an alleged violation of Md. Code Ann., Crim. Proc. § 6-103(a)(2) (requiring trial date to occur within 180 days of the first appearance of counsel or the first appearance of the defendant), *see also* Md. Rule 4-271 (a); *State v. Hicks*, 285 Md. 310 (1979).  Violation of a State's procedural rule without more, does not state a federal claim.

Because the complaint seeks monetary relief from defendants who are immune from such relief and otherwise fails to state a claim upon which relief may be granted, the complaint must be dismissed. A separate Order follows.

<u>July 20, 2021</u>                                           <u>              /s/              </u>
Date                                                  Stephanie A. Gallagher
                                                      United States District Judge